**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

ANTONIO S. RODRIGUEZ,                    :
                                                           Civil Action No. 05-3948 (KSH)
        Petitioner,          :

        v.                        :    **OPINION**

ALBERTO GONZALEZ, et al.,      :

        Respondents.         :

**APPEARANCES:**

Petitioner <u>pro se</u>
Antonio S. Rodriguez
A 22778172 MC 103913
Middlesex County Adult Correction Center
Housing Unit H-Pod
P.O. Box 266
New Brunswick, NJ 08903

**HAYDEN**, District Judge

    Petitioner Antonio S. Rodriguez, an alien confined at Middlesex County Adult Correction Center while awaiting removal, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The respondents are Attorney General Alberto

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Gonzalez, Andrea J. Quarantillo, Commissioner of the Immigration and Naturalization Service,[2] INS District Director John P. Carbone, and Warden Edmond C. Cicchi.

## I. BACKGROUND

According to the allegations of the Petition, Petitioner is a citizen of Cuba, who came to the United States in May 1980 in the "Mariel Boatlift." Petitioner was ordered removed on January 26, 1999. Petitioner waived his right to appeal the removal order. Petitioner was taken into INS custody on March 15, 2005.

Petitioner filed this Petition alleging that his indefinite detention in lieu of removal violates his constitutional and statutory rights.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the

---

[2]The Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135, transferred the immigration enforcement functions of the Commissioner of Immigration and Naturalization (or any officer, employee, or component of the Immigration and Naturalization Service ("INS")) to the Secretary of Homeland Security. As of March 1, 2003, the INS ceased to exist and its functions were transferred to the Department of Homeland Security. The former INS's enforcement, detention, and removal functions are within the responsibility of the Bureau of Immigration and Customs Enforcement. Pursuant to Fed.R.Civ.P. 25(d)(1), the successors to the federal officers named as respondents in this action are automatically substituted as parties to this action.

respondent to show cause why the writ should not be
granted, unless it appears from the application that
the applicant or person detained is not entitled
thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. <u>See</u> <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989). <u>See also</u> 28 U.S.C. §§ 2243, 2255.

III. <u>ANALYSIS</u>

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the
> following:
>
> (i) The date the order of removal becomes
> administratively final.

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 125 S.Ct. 716 (2005).

Here, Petitioner pleads that he was taken into custody, pursuant to the removal order, on March 15, 2005 and that "the six-month presumptively reasonable removal period for Petitioner ended [sic] on September 15, 2005." (Petition, ¶ 20.) The Petition is dated August 5, 2005, and was received by this Court on August 9, 2005.

Thus, it is apparent from the face of the Petition that the six-month presumptively reasonable removal period has not yet elapsed and Petitioner is not entitled to the relief requested.

4

## IV. CONCLUSION

For the reasons set forth above, the Petition will be dismissed, without prejudice to Petitioner's bringing a new Petition after the presumptively-reasonable period of detention has passed, should circumstances warrant.[3]  An appropriate order follows.

Katharine S. Hayden
United States District Judge

Dated: 8/18/05

---

[3] The Court notes that this Petition was not accompanied by the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a) or an application for leave to proceed in forma pauperis as permitted by 28 U.S.C. § 1915.  Petitioner is advised that any future Petition should be accompanied by the required filing fee or application for leave to proceed in forma pauperis.